IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kamau Bailey, ) | Civil Action No. 8:19-1809-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden W. E. Mackelburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Kamau Bailey ("Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Austin recommends that this action be dismissed without prejudice and without requiring Respondent to file a return because the Court lacks jurisdiction to consider the Petition. (ECF No. 13.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.[1]

## BACKGROUND

Having filed multiple unsuccessful motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, Petitioner now seeks habeas relief pursuant to 28 U.S.C. § 2241 in this Court, asserting four grounds for why his sentence is supposedly unlawful. First, Petitioner contends the sentencing court relied on three prior

---

[1] **Error! Main Document Only.** As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exist there.

convictions listed in the Presentence Investigation Report ("PSR") for a sentencing enhancement pursuant to the Armed Career Criminal Act ("ACCA") but never designated nor relied upon those predicate convictions in open court, thereby depriving Petitioner of reasonable notice and an opportunity to challenge the predicate offenses, which Petitioner contends do not qualify as proper predicate offenses such an enhancement. Second, Petitioner asserts that Pennsylvania Code § 780-113(a)(30) does not have an illicit trafficking element to be considered as a serious drug offense defined in 28 U.S.C. § 924(e)(2)(A)(ii) in light of *Commissioner v. Lundy*, 516 U.S. 235 (1996), and his conviction under the Pennsylvania statute cannot serve as a predicate prior drug offense. Third, Petitioner avers the statutory elements under Pennsylvania Code § 780-113(a)(30) are unconstitutionally vague and his conviction under that statute cannot qualify as a predicate drug offense for an ACCA enhancement. Fourth, Petitioner contends that his conviction under Pennsylvania Code § 2702(a)(4) for aggravated assault with a deadly weapon should be considered a "reckless crime" under *Leocal v. Ashcroft*, 543 U.S. 1 (2004) and therefore does not qualify as a predicate crime of violence for an ACCA enhancement. By way of relief, Petitioner requests that the Court vacate his sentence and order his immediate release. (*See* ECF No. 1-7.)

On August 2, 2019, the Magistrate Judge issued a Report (ECF No. 13), and on August 16, 2019 Petitioner filed his objections (ECF No. 17). The Court has reviewed the objections but finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that dismissal is warranted because Petitioner is unable to satisfy the § 2255 savings clause and this Court lacks jurisdiction to consider the petition. (*See* ECF No. 13.) "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under §

3

2255 would prove "inadequate or ineffective" to test the legality of the detention.[2] *In re Vial*, 115 F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n.5.

The Fourth Circuit has identified circumstances when a federal prisoner may use a § 2241 petition to contest his sentence. Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Here, Magistrate Judge Austin determined that Petitioner cannot meet the second prong of the *Wheeler* test with respect to any of his four theories of relief because he has not shown that, subsequent to his direct appeal and § 2255 motions, the applicable substantive law has changed and has been deemed to apply retroactively on collateral review. (*See* ECF No. 13 at 11–15.)

---

[2] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner filed objections to the Report (ECF No. 17), which the Court has carefully reviewed. In his objections, Petitioner claims he was sentenced in excess of the statutory maximum. (*See id.* at 1–3, 5–6.) There is no basis in law or in fact for this assertion. Petitioner's objections do not directly address the Magistrate Judge's reasoning and analysis in the Report, but seek to rehash issues and arguments raised and disposed of in his prior § 2255 motions. (*See id.*) Moreover, Petitioner's filing fails to direct the Court to any specific error in the Magistrate's proposed findings and recommendations. The Report concludes that Petitioner is unable to meet the § 2255 savings clause requirements and this Court lacks jurisdiction to consider the petition. After *de novo* review, the Court agrees with the analysis of the Magistrate Judge. Petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Therefore, the Court overrules Petitioner's objections.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates herein the Magistrate Judge's Report. It is therefore ORDERED that Petitioner's § 2241 petition is DISMISSED without prejudice and without requiring the respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 2, 2020
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.